**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM MICHAEL KNIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN LEE KRAUSER,<br><br>Defendants. | ) | NO. 15-CV-00171-FJG |

## ORDER

Currently pending before the Court is defendant Karen Lee Krauser's Motion to Dismiss (Doc. # 4) and plaintiff's Motion to Strike Entry of Appearance of the Office of the Missouri Attorney General as Defendant's Representative (Doc. # 8).

### I. BACKGROUND

Plaintiff alleges that on October 20, 2014, he appeared before Judge Krauser, Clay County, Missouri Associate Circuit Court judge on a municipal ordinance violation. Plaintiff states that on that date, he asked Judge Krauser two times whether the Court had adopted the Administrative Procedures Act. Plaintiff alleges that Judge Krauser first stated she did not know what the Administrative Procedures Act was. Plaintiff states that the second time she was asked, she assured plaintiff that she had jurisdiction, without disclosing what the jurisdiction was. Plaintiff alleges that Judge Krauser then granted the prosecutor a continuance for a "docket review" and the hearing was continued until November 10, 2014. Plaintiff alleges that on that date, he again appeared before Judge Krauser and challenged the procedure, rules, personal and

subject matter jurisdiction and venue and then stated that he would not consent to any further movement until the venue, capacity, process and rules of which Judge Krauser was attempting to exercise and apply were clearly spelled out. Plaintiff states that Judge Krauser "acting in the capacity of an elected Circuit Court Judge, stated that she was not going to answer any more of the injured party's questions and again assured the injured party that she had jurisdiction." (Plaintiff's Complaint, ¶10). Judge Krauser then entered a plea of not guilty for plaintiff and continued the case until December 8, 2014. Plaintiff alleges that Judge Krause "acting in the capacity of an elected Judicial Circuit Court Judge has agreed to knowingly and willfully violating her sworn Oath of Office and thereby lost all immunity from a lawsuit. . . .by refusing to address the guaranteed rights of the injured party under the Constitution for the United States, and the Missouri Constitution, by moving forward with the case without disclosing the nature and cause of the charges, personal and subject matter jurisdiction, venue, capacity, or rules to the detriment of the injured party . . .." (Complaint,¶ 27).

Plaintiff further alleges that "the wrong doer, acting in the capacity of an elected Judicial Circuit Court Judge never disclosed the venue of which the case was being heard as the City of Liberty Municipal Court Judge, Thomas Capps, had recused himself from presiding over the case thus making it nearly impossible for the injured party to get any proper documentation as to whether the case is being heard in a State Court, County District Court, or a Municipal Court, in order to obtain documentation for a new case as the statues of limitations have run out to prosecute under Missouri Revised Statutes 556.036.2(2) and Missouri Revised Statutes 556.036.6(1) to the detriment of the injured party in order to properly defend himself against the charges in which the

injured party submitted to the wrong doer a Notice of Complaint for Judicial Misconduct and Malfeasance of Office for Clay County, Missouri, Circuit Court Judge Karen Lee Krauser (Complaint, ¶ 29).

Finally, plaintiff alleges that Judge Krauser "committed an act or acts of fraud against the injured party as she has refused to answer the injured party's questions regarding the nature and cause of the charges, personal and subject matter jurisdiction, the venue, capacity, and rules when the duty to answer the questions is imposed . . .and thereby abandoned her sworn Oath of Office and leaving the injured party without a clear understanding of the rules, jurisdiction, and venue which are guaranteed rights to which he was unable to defend himself." (Complaint, ¶ 30). Plaintiff asks for an award of $250,000 in damages for the cost of mailings, public records costs, research time, time incurred for proceedings, undue physical, mental and financial stress, as well as punitive damages and any other compensation the Court deems just.

Defendant Krauser alleges that the Complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions"

devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

In Driesen v. Smith, No. C13-4037-MWB, 2014 WL 24234 (N.D.Iowa Jan. 2, 2014), aff'd, 584 Fed.Appx. 292 (8th Cir. 2014), the Court explained the standards for Fed.R.Civ.P. 12(b)(1).

> A motion attacking the court's subject matter jurisdiction is governed by Federal Rule Civil Procedure 12(b)(1). A Rule 12(b)(1) motion can either attack the complaint's claim of jurisdiction on its face or it can attack the factual basis for jurisdiction. . . . In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. . . . If the [defendant] wants to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.

Id. at * 6.

## III. DISCUSSION

Defendant states that plaintiff's claims are barred by the doctrine of judicial immunity. "It is well settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions." Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); Mireles v. Waco, 502 U.S. 9,11, 112 S.Ct. 286, 287-88,116 L.Ed.2d 9 (1991); Liles v. Regan, 804 F.2d 493,495 (8th Cir.1986). In

Hoppe v. Klapperich, 28 N.W.2d 780 (1947), the Court stated, "'It is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for [ ] determinations and acts in [a] judicial capacity, however erroneous or by whatever motives prompted.'" Id. at 788 (quoting Stewart v. Case, 54 N.W. 938 (1893)). "Only if a judge acts in 'the clear absence of all jurisdiction over the subject-matter' can he be liable." P.G. v. Ramsey County, 141 F.Supp.2d 1220,1230 (D.Minn. 2001)(quoting Bradley v. Fisher, 80 U.S. 335, 351, 20 L.Ed. 646, 13 Wall. 335 (1871)). Additionally, in Jackson v. Borengasser, No. 2:12-CV-02306, 2013 WL 5218057 (W.D.Ark. Sept. 16, 2013), the Court stated, "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." Id. at *3 (quoting Stump, 435 U.S. at 356-57). The Court in Jackson acknowledged that judicial immunity can be overcome in only two situations: "(1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction." Id. (quoting Mireles, 502 U.S. at 11).

Judge Krauser states that in the Complaint, plaintiff alleges numerous times that she was "acting in the capacity of a Judicial Circuit Court Judge." Additionally, she argues that she was acting in the capacity of a judge in proceeding over his arraignment for a municipal ordinance violation and in entering a plea of not guilty for plaintiff. Thus, she claims she is entitled to judicial immunity.

In opposition to the Motion to Dismiss, plaintiff states that his Motion to Strike the Missouri Attorney General's Entry of Appearance acts as his response to the Motion to Dismiss. Plaintiff argues that the Missouri Attorney General, lacks standing to represent

or file any papers or motions on behalf of Judge Krauser, because she is being sued in her private, natural person capacity and as there is no action against the state, and no funds are being sought from the state's treasury, the Missouri Attorney General lacks standing to represent Judge Krauser. In his Motion to Strike plaintiff argues that "[j]udges cannot invoke judicial immunity for avoiding the Constitutional rights of a litigant. The Defendant is not immune for tortuous acts committed in a purely administrative, non-judicial capacity." (Plaintiff's Motion to Strike, p. 6). Plaintiff claims that he is suing Judge Krauser in her:

> private, natural person capacity pursuant to 28 U.S.C. § 1391(c)(1). . . [w]hen a state officer acts under a state law in a manner violative of the Federal Constitution, she comes into conflict with the superior authority of the Constitution, and she is in that case stripped of her official or representative character and is subjected in her person to the consequences of her individual conduct. The State has no power to impart to her any immunity from responsibility to the supreme authority of the United States.

(Plaintiff's Motion to Strike, p. 7).

By arguing that he is suing Judge Krauser in her "private, natural person capacity" plaintiff appears to be attempting to escape the reach of the judicial immunity doctrine. Even though plaintiff argues that he is suing Judge Krauser in her private, natural capacity, the Complaint reveals otherwise, as plaintiff alleges in no fewer than ten paragraphs that "Karen Lee Krauser, acting in the capacity of a Missouri District Court Judge for the 7th Judicial Circuit Court, Clay County, Missouri" took actions which violated his rights. <u>See</u> <u>Complaint</u>, ¶¶ 1, 2, 4, 7, 10, 19, 21, 27, 28, 29. Additionally, the Complaint only describes actions Judge Krauser took on the bench when plaintiff appeared before her as a sitting judge for 7th Judicial Circuit Court in Clay County, Missouri. As noted above, the Supreme Court has identified two exceptions to

the judicial immunity doctrine: "[f]irst a judge is not immune from liability for nonjudicial actions, that is, actions not taken in the judge's official capacity. See Mireles, 502 U.S. 9, 9-12, 112 S.Ct. 286, 116 L.Ed.2d 9. . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Jackson v. Ward County Officials, No. 1:12-CV-017, 2012 WL 3135376, *6 (D.N.D. Mar. 27, 2012).

Although plaintiff argued in his opposition that "[t]he Defendant is not immune for tortuous acts committed in a purely administrative, non-judicial capacity," he has not alleged any facts in his Complaint which support his claim that Judge Krauser acted in a non-judicial capacity. Additionally, there are no allegations in the Complaint which would indicate that Judge Krauser's actions were taken in the absence of all jurisdiction.

In State v. Williams, 46 S.W.3d 35 (Mo.App.2001), the Court stated, "Section 541.020 provides the jurisdiction of the circuit courts. Section 541.020 states, in part, that 'circuit courts shall have exclusive original jurisdiction in all cases of felony, misdemeanor and infractions.' Thus, associate circuit judges, as judges of the circuit court, may hear and determine all such cases." Id. at 38-39. Additionally, Mo.Rev.Stat. § 479.010 states, "[v]iolations of municipal ordinances shall be heard and determined only before divisions of the circuit court as hereinafter provided in this chapter." In Calderon v. Bandera County, No. SA-14-CA-881-XR(PMA), 2014 WL 6769694 (W.D.Tex. Dec. 1, 2014), the Court stated, "[w]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." Id. at *12. Thus, the Court finds that Judge Krauser, as an Associate Circuit Court judge had jurisdiction to hear and determine plaintiff's municipal ordinance violation.

Thus, the Court finds that because Judge Krauser was acting in her judicial

capacity and had jurisdiction over plaintiff's case, she is entitled to judicial immunity[1].

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** defendant Krauser's Motion to Dismiss (Doc. # 4) and **DENIES** plaintiff's Motion to Strike Entry of Appearance of the Office of the Missouri Attorney General (Doc. # 8).

Date: June 2, 2015
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

[1] As the Court has found that defendant is protected by the judicial immunity doctrine, it is not necessary to address defendant's second argument – that the Rooker-Feldman doctrine also bars plaintiff's Complaint.